**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ERIC LAMBI<br>316 Gates Street<br>Doylestown, Ohio 44230,<br><br>individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CANTON DROP FORGE, INC.<br>United Agent Group, Inc.<br>119 E. Court Street<br>Cincinnati, Ohio 45202<br><br>Defendant. | **Case No.**<br><br>**Judge**<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Eric Lambi, by and through undersigned counsel, and for his Complaint against Defendant Canton Drop Forge, Inc. states and alleges the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying their non-exempt employees, including Plaintiff and other similarly-situated employees, for all hours worked, including overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Wayne County, Ohio.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

6. At all times relevant herein, Defendant Canton Drop Forge, Inc. was a for-profit corporation, organized and existing under the laws of the State of Ohio with its principal place of business at 4575 Southway St., SW, Canton Ohio 44706.

7. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2). At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

8. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

9. Defendant makes custom forging projects for the aerospace, transportation, mechanical power, power generation, pump and compressor applications, and oilfield industries.

10. Defendant employed Plaintiff from approximately June 2024 through September 2024 at its Canton, Ohio facility.

11. Defendants employed Plaintiff and other similarly-situated employees as manufacturing employees and inspectors.

12. Defendants employ several hundred employees as manufacturing employees who are similarly situated to Plaintiff.

13. At all relevant times Plaintiff's and similarly-situated employees' job duties

included, but were not limited to, operating and maintaining machinery in the forging of custom projects for clients and inspecting the products.

14. Defendant classified Plaintiff and other similarly-situated employees as non-exempt employees under the FLSA.

15. Defendant paid Plaintiff and other similarly-situated employees on an hourly basis.

16. Plaintiff and other similarly-situated employees frequently worked over 40 hours per week for Defendants.

17. At all times relevant herein, Plaintiff worked, on average, 55 hours each week.

**(Failure to Pay for All Hours Worked)**

18. Defendant only paid Plaintiff and other similarly-situated employees for work performed between their scheduled start and stop times and did not pay them for the following work they performed before their scheduled start times and/or after their scheduled stop times: (a) changing into and out of personal protective equipment that included uniforms, steel-toed shoes, face shields, hard hats, and/or ear plugs; (b) conducting a pass down from the previous shift and/or receiving work instructions; (c) walking to their assigned work area; and/or (d) performing work that was identical to the work they performed between their scheduled start and stop times.

19. Defendant required Plaintiff and other similarly-situated employees to perform the following activities, which were integral and indispensable to their principal activities, and which Plaintiff and other similarly-situated employees performed for Defendant's benefit: (a) changing into and out of personal protective equipment that included uniforms, steel-toed shoes, face shields, hard hats, and/or ear plugs; (b) conducting a pass down from the previous shift and/or receiving work instructions; (c) walking to their assigned work area; and/or (d) performing work that was identical to the work they performed between their scheduled start and stop times.

20. Plaintiff and similarly-situated employees could not perform their principal activities if they dispensed of the following activities, which are intrinsic elements of their principal activities: (a) changing into and out of personal protective equipment that included uniforms, steel-toed shoes, face shields, hard hats, and/or ear plugs; (b) conducting a pass down from the previous shift and/or receiving work instructions; (c) walking to their assigned work area; and/or (d) performing work that was identical to the work they performed between their scheduled start and stop times.

21. In addition to being integral and indispensable to performing their principal activities, and intrinsic elements of their principal activities, Defendant and the Occupational Safety and Health Administration ("OSHA") required Plaintiff and other similarly-situated employees to don personal protective equipment. The time that Plaintiff and other similarly-situated employees spent donning personal protective equipment helped keep the work area safe and promote an efficient manufacturing process; thus, the time that Plaintiff and other similarly-situated employees spent donning personal protective equipment benefitted Defendant. Therefore, the time Plaintiff and other similarly-situated employees spent changing into and out of personal protective equipment was a principal activity that started their continuous workday.

22. Plaintiff and other similarly-situated employees performed the following work after performing the principal activity of changing into and out of their personal protective equipment: (a) conducting a pass down from the previous shift and/or receiving work instructions; (b) walking to their assigned work area; and/or (c) performing work that was identical to the work they performed between their scheduled start and stop times.

23. Because Plaintiff and other similarly-situated employees performed the work described in the preceding paragraph after performing the principal activity of changing into and

out of their personal protective equipment, the time spent performing such work was compensable.

24. Plaintiff and other similarly-situated employees each spent approximately 15-30 minutes per day performing these required, but unpaid, work activities.

25. Defendant maintained a policy and practice of rounding Plaintiff's and all similarly-situated employees' time to the start and end times of their shifts and thereby failed to pay for compensable time.

26. As a result of Defendant's practices and policies, Defendant did not compensate Plaintiff and other similarly-situated employees for all the time they worked.

27. As a result of Defendant's practices and policies, Defendant did not compensate Plaintiff and other similarly-situated employees for time they worked in excess of 40 hours per week at a rate not less than one and one-half times the regular rate at which they were employed.

**(Failure to Keep Accurate Records)**

28. Defendant failed to make, keep, and preserve records of the unpaid work that Plaintiff and other similarly-situated employees performed before their scheduled start times and/or after their scheduled stop times.

29. Recording Plaintiff's and other similarly-situated employees' unpaid work was not practically or administratively difficult for Defendant, as Defendant could have precisely recorded this work for payroll purposes by utilizing the times Plaintiff and other similarly-situated employees clocked in and out of work to pay them for work performed before their scheduled start times and after their scheduled stop times.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff brings Count One of this action individually pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be

adversely affected by Defendant's unlawful conduct.

31. The class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is a member, is composed of and defined as follows:

> All former and current hourly manufacturing employees who were employed by Defendant in Ohio at any time during the period beginning three years preceding this action's commencement through the present.

32. Plaintiff cannot currently state the exact size of the potential class, but upon information and belief avers that it consists of at least several hundred persons.

33. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for failing to compensate manufacturing employees for all time worked including resulting in unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated regarding their wages and claims for unpaid wages and damages. Plaintiff is representative of these other employees and is acting on behalf of their interests, as well as his own, in bringing this action.

34. These similarly-situated employees are known to Defendant and readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

## <u>COUNT ONE</u>

### (Fair Labor Standards Act Violations)

35. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten

herein.

36. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

37. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated the FLSA.

38. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

**COUNT TWO**

**(OMFWSA Violations)**

39. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40. Defendant's practice and policy of not paying Plaintiff and other similarly situated drivers for meal periods during which they performed work violated the OMFWSA, R.C. § 4111.14.

41. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA, R.C. § 4111.03.

42. As a result of Defendant's practices and policies, Plaintiff and other similarly situated drivers have been damages in that they have not received wages due to them pursuant to the OMFWSA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and all those similarly situated, collectively prays that this

Honorable Court enter judgment in their favor and:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the class he represents actual damages for unpaid wages;

D. Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the classes;

E. Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ *Robert B. Kapitan*
Robert B. Kapitan (00784327)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
The Heritage Bldg., Suite 250
34555 Chagrin Blvd.
Moreland Hills, OH 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
robert@lazzarolawfirm.com
anthony@lazzarolawfirm.com

Plaintiff's Attorneys

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ *Robert B. Kapitan*
One of Plaintiff's Attorneys